1   Dawn J. Grossman
    Nevada Bar No. 6328
2   COZEN O'CONNOR
    Suite 1610, 501 West Broadway
3   San Diego, CA  92101
    Telephone: 619.234.1700
4   Toll Free Phone: 800.782.3366
    Facsimile: 619.234.7831
5
    Designation For Service Only:
6   Delanoy, Schuetze, McGaha & Provost
    601 South Rancho Drive, Suite C-20
7   Las Vegas, NV  89106

8   Attorneys for Defendant
    DEL MONTE FOODS COMPANY
9

10                     UNITED STATES DISTRICT COURT

11                          DISTRICT OF NEVADA

12

13  MARGARET PICUS, an individual; on behalf      )   Case No.: 2:07-cv-00689
    of herself, and on behalf of others similarly )
14  situated,                                     )   CERTIFICATE OF SERVICE OF
                                                  )   NOTICE TO ADVERSE PARTY OF
15                 Plaintiffs,                    )   REMOVAL TO FEDERAL COURT
                                                  )
16         vs.                                    )
                                                  )
17  WAL-MART STORES, INC.; MENU FOODS             )
    INC; DEL MONTE FOODS COMPANY;                 )
18  SUNSHINE MILLS, INC.; CHEMNUTRA,              )
    INC.; and DOES 1 through 100, inclusive,      )
19                                                )
                   Defendants.                    )
20  _____)

21         I, the undersigned, declare: I am and was over the age of 18 years at the time of service of the

22  papers herein referred to, and am not a party to the within action.  I am employed in the County of

23  San Diego, California, in which county the within mentioned service occurred.  My business address

24  is 501 West Broadway, Suite 1610, San Diego, California. On this date, I deposited in the United

25  States Mail at San Diego, California, a copy of the NOTICE TO ADVERSE PARTY OF

26  REMOVAL TO FEDERAL COURT dated June 7, 2007, a copy of which is attached to this

27  Certificate addressed to the party on the attached service list.

28

Dockets.Justia.com

1    I declare under penalty of perjury that the foregoing is true and correct.  Executed

2    June 8, 2007 at San Diego, California.

3

4    By: _____

5    Christie Marsh
     an employee of COZEN O'CONNOR

6

7

8    SAN_DIEGO\363122\1  203406.000

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTC**
Dawn J. Grossman
Nevada Bar No. 6328
COZEN O'CONNOR
Suite 1610, 501 West Broadway
San Diego, CA 92101
Telephone: 619.234.1700
Toll Free Phone: 800.782.3366
Facsimile: 619.234.7831

Designation For Service Only:
Delanoy, Schuetze, McGaha & Provost
601 South Rancho Drive, Suite C-20
Las Vegas, NV 89106

Attorneys for Defendant DEL MONTE FOODS
COMPANY

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| MARGARET PICUS, an individual; on behalf of herself, and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>WAL-MART STORES, INC.; MENU FOODS, INC.; DEL MONTE FOODS COMPANY; SUNSHINE MILLS, INC.; CHEMNUTRA, INC.; and DOES 1 through 100, inclusive, )<br><br>Defendants. )<br> | Case No.: A540315<br>Dept. No.: XXIII |

## NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

TO: CLERK OF THE DISTRICT COURT OF CLARK COUNTY NEVADA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 25, 2007, Defendant, DEL MONTE FOODS COMPANY removed this action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1441(B).

1    A true copy of the Notice of Removal filed in the U.S. District Court for Nevada is attached,

2    served and filed herewith.

3    DATED: June 7, 2007                              Respectfully submitted,

4

5                                                   By: ~Dawn Grossman~

6                                                   DAWN J. GROSSMAN
                                                    NEVADA BAR NO. 6328
7                                                   COZEN O'CONNOR
                                                    Suite 1610, 501 West Broadway
8                                                   San Diego, CA 92101
                                                    Telephone: 619.234.1700
9                                                   Toll Free Phone: 800.782.3366
                                                    Facsimile: 619.234.7831

10                                                  Designation For Service Only:
                                                    Delanoy, Schuetze, McGaha & Provost
11                                                  601 South Rancho Drive, Suite C-20
                                                    Las Vegas, NV 89106
12                                                  Attorneys for Defendant
                                                    DEL MONTE FOODS COMPANY

13

14   SAN_DIEGO\363000\1  203406.000

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Margaret Picus v. Wal-Mart Stores, Inc.*
**Clark County, Nevada District Court Case No.: A540315**

### CERTIFICATE OF MAILING

I, the undersigned, hereby certify that I served a true and correct copy of the following:

**Notice to Adverse Party of Removal To Federal Court**

by depositing copies of same in the United States Mail, postage fully prepaid, addressed as follows:

Robert B. Gerard
Lawrence T. Osuch
GERARD & OSUCH, LLP
2840 South Jones Boulevard
Building D, Suite 4
Las Vegas, NV 89146
Ph: (702) 251-0093
Fax: (702) 251-0094

*Attorneys for Plaintiff, Margaret Picus*

DATED June 7, 2007, at San Diego, California.

*Christie Marsh*

CHRISTIE MARSH
An employee of Cozen O'Connor

SAN_DIEGO\366770\1  203406.000

1   Dawn J. Grossman
    Nevada Bar No. 6328
2   COZEN O'CONNOR
    Suite 1610, 501 West Broadway
3   San Diego, CA 92101
    Telephone: 619.234.1700
4   Toll Free Phone: 800.782.3366
    Facsimile: 619.234.7831
5
    Designation For Service Only:
6   Delanoy, Schuetze, McGaha & Provost
    601 South Rancho Drive, Suite C-20
7   Las Vegas, NV 89106

8   Attorneys for Defendant
    DEL MONTE FOODS COMPANY
9

10                UNITED STATES DISTRICT COURT

11                     DISTRICT

12                     2:07-cv-00689-RLH-RJJ

13   MARGARET PICUS, an individual; on
    behalf of herself, and on behalf of others
14   similarly situated,     )  PETITION FOR REMOVAL OF
                             )  ACTION PURSUANT TO 28 U.S.C.
15          Plaintiffs,      )  §1441
                             )
16       vs.              )
                             )
17   WAL-MART STORES, INC.; MENU  )
    FOODS INC; DEL MONTE FOODS  )
18   COMPANY; SUNSHINE MILLS, INC.;  )
    CHEMNUTRA, INC.; and DOES 1 through )
19   100, inclusive,     )
                             )
20         Defendants.    )
                             )
21

22   **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

23         Defendant Del Monte Foods Company ("Del Monte") hereby files this petition

24   for removal of the above-entitled action from the Eighth Judicial District Court of

25   Nevada, Case No. A540315, to the United States District Court for the District of

26   Nevada, and further states:

27         1.     On April 30, 2007, plaintiff Margaret Picus ("Plaintiff") commenced suit

28   against Del Monte in the Eighth Judicial District Court for the state of Nevada, by

1    filing an action entitled <u>Picus v. Wal-Mart Stores, et al</u>. Case No. A540315.

2        2.    On May 7, 2007, copies of the Summons and Complaint in the above-

3    entitled action were served upon this removing defendant.

4        3.    True and correct copies of the Summons and Complaint constituting all

5    of the papers and pleadings served upon Del Monte Foods Company and which are

6    included in the court file are attached to the Affidavit of Dawn Grossman ("Grossman

7    Aff.") and marked collectively as "Exhibit A".

8    **JURISDICTIONAL BASIS FOR REMOVAL**

9        4.    This Court has original jurisdiction over this action pursuant to the

10   provisions of the Class Action Fairness Act (CAFA) 28 U.S.C. § 1332(d)(2), and the

11   general removal statute, 28 U.S.C. § 1441(b). The complaint is styled as a nationwide

12   class action to recover monies that were paid by consumers for multiple brands of pet

13   food products that plaintiff alleges were improperly labeled "made in USA" when

14   plaintiff alleges they were not. These pet food brands are alleged to have been sold at

15   Wal-Mart stores throughout the nation. Grossman Aff., Exhibit "A".

16       5.    This case is one of over 60 cases pending nationally arising out of the

17   recent scandal concerning pet food that was allegedly contaminated with adulterated

18   wheat gluten imported from the Peoples Republic of China. There is a hearing

19   currently pending before the Judicial Panel on Multidistrict Litigation ("JPML")

20   scheduled for May 31, 2007 in Las Vegas, Nevada. It is anticipated that at that time,

21   all of the "pet food" cases will be consolidated and transferred to a single jurisdiction

22   for all pre-trial proceedings. Attached to the Grossman Aff. as Exhibit "B" is a true

23   and correct copy of hearing by the JPML.

24       6.    All of the requirements for removal under CAFA exist in this case.

25   Minimal diversity exists from the face of the complaint because it is alleged on pages

26   6-7 that Plaintiff is a resident of Nevada and that defendant Wal-Mart Stores, is

27   incorporated in Delaware and maintains its principal place of business in Arkansas.

28   Furthermore, Menu Foods Inc., is incorporated in New Jersey with a its principal

place of business in Ontario, Canada; Del Monte Foods is incorporated in Delaware and maintains its principal place of business in San Francisco, California; and Sunshine Mills is incorporated in Delaware with its principal place of business in Alabama.

7.    The allegations of the Complaint reveal that there are at least 100 members of the plaintiff class because the complaint alleges that the multiple brands of dog food at issue were each sold by Wal-Mart in all 50 states.

8.    That the combined claims of the plaintiff class exceed $5,000,000 is also determinable from the face of the complaint. More specifically, paragraph 22 alleges that "it is impracticable to bring all members of the class before the Court. Plaintiff estimates that there are thousands of class members geographically spread throughout Nevada and millions of class members, geographically spread throughout the United States." Grossman Aff., Exhibit "A". Even assuming that each class member only purchased one container of the allegedly mislabeled pet food, CAFA's amount in controversy would be met.

9.    These same allegations of paragraph 22 of plaintiff's Complaint also establish that this case does not fall within the "home state" exception to CAFA which requires that more than two thirds of the class members reside in the home state (in this case Nevada) or the "discretionary abstention" provision, which allows the federal court to abstain if at least one third of the class members reside in the state and the primary defendants are citizens of the state in which the action was filed. See 28 U.S.C. 1332(d)(3) and (4).    As stated, the plaintiff's Complaint itself states that whereas there are millions of class members across the country, only several thousands of these persons reside in Nevada.

10.    On all of these bases, the action is removable under CAFA and 28 U.S.C. §1441(a).

11.    This notice of removal is timely under the provisions of 28 U.S.C. §1446(b).    The Complaint in this case was served on Del Monte on May 7, 2007

1    Grossman Aff. at para. 2 and thus the 30-day time limit in which to remove this case

2    has not run.

3        12.    This removing Defendant lacks knowledge of whether the other

4    defendants have been served. A defendant who has been served need not seek out and

5    notify codefendants who have not been served to ask them to join in the removal. [See

6    *Gossmeyer v. McDonald* (7th Cir. 1997) 128 F3d 481, 489]

7        13.    The United States District Court for the District of Nevada embraces the

8    county in which the state court action is now pending, and thus, this Court is a proper

9    venue for this action pursuant to 28 U.S.C. § 84(c)(2).

10       14.    Written notice of this removal is being served this date on counsel for

11   Plaintiff pursuant to 28 U.S.C. § 1446(d).

12       15.    A true and correct copy of this Notice of Removal is being filed this date

13   with the Clerk of the Eighth Judicial District Court for the State of Nevada pursuant to

14   28 U.S.C. § 1446(d).

15       WHEREFORE, Defendant Del Monte prays that the above-entitled action now

16   pending be removed to the United States District Court for the District of Nevada, and

17   prays that said action stand so removed.

18   DATED this 24th day of May, 2007    COZEN O'CONNOR

19

20                                By: _Dawn Grossman_

21                                    Dawn J. Grossman
                                     Nevada Bar No. 6328
22                                   COZEN O'CONNOR
                                     Suite 1610, 501 West Broadway
23                                   San Diego, CA 92101
                                     Telephone: 619.234.1700
24                                   Toll Free Phone: 800.782.3366
                                     Facsimile: 619.234.7831
25
                                     Designation For Service Only:
26                                   Delanoy, Schuetze, McGaha & Provost
                                     601 South Rancho Drive, Suite C-20
27                                   Las Vegas, NV 89106
                                     Attorneys for Defendant
28                                     DEL MONTE FOODS COMPANY

1

**AFFIDAVIT OF DAWN GROSSMAN**

2      I, Dawn Grossman, declare and say as follows:

3      1.     I am a partner in the law firm of Cozen O'Connor, attorneys for

4    defendant Del Monte Foods Company. I have personal knowledge of the following

5    facts and if called to testify thereto, I could and would do so competently.

6      2.     Attached hereto as Exhibit "A" is a true and correct copy of the

7    Summons and Complaint that was served on Del Monte Foods Company on May 7,

8    2007. These documents represent all of the documents filed to date in the state court

9    file.

10     3.     Attached hereto as Exhibit "B" is a true and correct copy of the notice of

11   hearing by the JPML.

12     I declare under penalty of perjury that the foregoing is true and correct and that

13   this declaration was executed in San Diego, California, on May 24, 2007.

14


15   DAWN J. GROSSMAN

16

17   Subscribed and Sworn to before me

18   on this 24th day of May, 2007.

19

20


21   NOTARY PUBLIC in and for

22   Said County and State

23   My Commission Expires: 5/29/10

24

25

26

27

28

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of Cozen O'Connor, and that on this 24th day of May, 2007, I served a true and correct copy of the foregoing PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441 as follows:

( X ) by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

( ) to be hand-delivered to the attorneys listed below at the address indicated below:

Robert B. Gerard, Esq.
Lawrence T. Osuch, Esq.
GERARD & OSUCH, LLP
2840 South Jones Boulevard
Building D, Suite 4
Las Vegas, Nevada 89146
Telephone: (702) 251-0093
Facsimile: (702) 251-0094

Norman Blumenthal, Esq.
BLUMENTHAL & NORDREHAUG
2255 Calle Clara
La Jolla, California 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
Attorneys for Plaintiffs

NICHOLAS M. WIECZOREK
**MORRIS POLICH & PURDY LLP**
3980 Howard Hughes Parkway
Suite 400
Las Vegas, Nevada 89169
Telephone:(702) 862-8300
Facsimile: (702) 862-8400
Attorney for Defendant
CHEMNUTRA INC.

_____
An Employee of Cozen O'Connor

SAN_DIEGO\363056\1 203406.000

6

EXHIBIT A

# DISTRICT COURT
## CLARK COUNTY, NEVADA

**IN THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**
**IN AND FOR THE COUNTY OF CLARK**

| | |
|---|---|
| MARGARET PICUS, an individual; on behalf of herself, and ) on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,　　)<br><br>　　　　vs.<br><br>WAL-MART STORES, INC.; MENU FOODS INC.;DEL MONTE FOODS COMPANY; SUNSHINE MILLS, INC.; CHEMNUTRA INC.; and DOES 1 through 100, Inclusive,<br><br><br><br>　　　　　　　　　　　　Defendants. | CASE NO:  A 5 4 0 3 1 5<br>DEPT NO:<br>　　　　XXIII |

### SUMMONS

**TO:**　　　　~~DEL MONTE FOODS COMPANY~~
　　　　　　**One Market @ The Landmark**
　　　　　　**San Francisco, CA  94105**

　　　　　　**c/o Registered Agent**
　　　　　　**The Corporation Trust Company**
　　　　　　**Corporation Trust Center**
　　　　　　**1209 Orange Street**
　　　　　　**Wilmington, DE  19801**

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

　　　　**TO THE DEFENDANTS:**  A Civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

　　　　1.　　If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

　　　　　　　　　　a.　　File with the Clerk of the Court, whose address is shown below,  a formal written response to the Complaint in accordance with the rules of the Court.

     b.     Serve a copy of your response upon the attorney whose name and address is shown below.

2.     Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Issued at the direction of:

SHIRLEY B. PARRAGUIRRE, CLERK OF COURT

JULIE RICHMOND      APR 3 0 2007

Robert B. Gerard, Esq.
Nevada State Bar #005323
Lawrence T. Osuch, Esq.
Nevada State Bar #006771
Jeremiah Pendleton, Esq.
Nevada State Bar #009148
GERARD & OSUCH, LLP
2840 S. Jones Boulevard
Building D, Suite #4
Las Vegas, Nevada 89146
Attorney for Plaintiffs

DEPUTY CLERK
Regional Justice Center
200 Lewis Street
Las Vegas, Nevada 8915

DISTRICT
COURT
SEAL

STATE OF NEVADA      )
                             )    ss.

COUNTY OF CLARK     )

## AFFIDAVIT OF SERVICE

I, _____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and First Consolidated Complaint on the _____ day of _____, 2007 and served the same on the_____ day of _____, 2007 by:

### (affiant must complete the appropriate paragraph)

1.     delivering and leaving a copy with the defendant _____ at (state address) _____

2.     serving the defendant_____by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual place of abode located at:_____ .

### (use paragraph 3 for service upon agent, completing A or B)

3.     serving the defendant _____ by personally delivering and leaving a copy at the defendant's last known address which is:

     a.     with _____ as_____, as agent lawfully designated by statute to accept service of process;

     b.     with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.     personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method:

               _____   ordinary mail
               _____   certified mail, return receipt requested
               _____   registered mail, return receipt requested

     addressed to the defendant.

                                        _____
                                        Signature of person making service

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2007.

_____
NOTARY PUBLIC in and for said
County and State

My commission expires:_____
(SEAL)

\\\\vserver\nvcompany\data\Menu Foods\summons.debonate.doi

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
05/07/2007
Log Number 512198692

**TO:**     Lolita Kumar
Del Monte Corporation
One Market Plaza
San Francisco, CA, 94105

**RE:**     **Process Served in Delaware**

**FOR:**    Del Monte Foods Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Margaret Picus, an individual; on behalf of herself, and on behalf of all others similarly situated, Pltfs. vs. Wal-Mart Stores, Inc., et al. including Del Monte Foods Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Affidavit Form, Complaint, Jury Demand, Exhibit(s) |
| **COURT/AGENCY:** | Clark County: District Court, NV
Case # A540315 |
| **NATURE OF ACTION:** | Class action - False representations and/or designation as to the geographic origin of the Ol' Roy brand pet food products |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Messenger on 05/07/2007 at 15:26 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Robert B. Gerard
Gerard & Osuch, LLP
2840 South Jones Blvd. D-4
Las Vegas, NV, 89146
702-251-0093 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Standard Overnight, 790241702255
Email Notification, Katherine Manning katherine.manning@delmonte.com
Email Notification, Lolita Kumar lolita.kumar@delmonte.com |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street
Wilmington, DE, 19801 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of  1 / JH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

1  **COM**
   Robert B. Gerard, Esq.
2  Nevada State Bar #005323
   Lawrence T. Osuch, Esq.
3  Nevada State Bar #006771
   Gerard & Osuch, LLP
4  2840 South Jones Boulevard
   Building D, Suite #4
5  Las Vegas, Nevada 89146
   Telephone:    (702) 251-0093
6  Facsimile:    (702) 251-0094

7  Norman Blumenthal, Esq.
   California State Bar #068687
8  Blumenthal & Nordrehaug
   2255 Calle Clara
9  La Jolla, California 92037
   Telephone:    (858) 551-1223
10 Facsimile:    (858) 551-1232

11 Attorneys for Plaintiffs

12              **EIGHTH JUDICIAL DISTRICT COURT**

13                  **CLARK COUNTY, NEVADA**

14

15 MARGARET PICUS, an individual; on behalf )   CASE NO.:   A 5 4 0 3 1 5
   of herself, and on behalf of all others similarly )
16 situated,                                  )   **COMPLAINT**   XXIII
                    Plaintiffs,              )
17                                            )   **(JURY DEMAND)**
                                              )
18       vs.                                  )   **ARBITRATION EXEMPTION**
                                              )   **(CLASS ACTION)**
19 WAL-MART STORES, INC; MENU FOODS )
20 INC.; DEL MONTE FOODS COMPANY;    )
   SUNSHINE MILLS, INC.; CHEMNUTRA   )
21 INC.; and DOES 1 through 100, Inclusive,  )
                    Defendants.              )
22                                            )
                                              )
23                                            )
                                              )
24 _____)

25

26

27

28                              1

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff MARGARET PICUS ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action as a class action against Defendants WAL-MART STORES, INC; MENU FOODS INC.; DEL MONTE FOODS COMPANY; SUNSHINE MILLS, INC.; CHEMNUTRA INC., and DOES 1 through 100, inclusive (hereinafter collectively referred to as "Defendants"), for violations of applicable consumer fraud statutes, for unjust enrichment, and for fraud by omission and concealment. Plaintiff alleges, based upon information and belief, except where otherwise stated, as follows:

## NATURE OF THE ACTION

1.      The instant Class Action Complaint involves a scheme among the Defendants through which Ol' Roy brand pet food products were expressly sold to consumers as "Made in USA," when in fact components of the Ol' Roy brand pet food products were made and/or manufactured in China. Plaintiffs seek restitution and/or damages for all consumers throughout the United States who purchased "Ol' Roy" brand pet food products which represent on the product label to have been "Made in USA" during the applicable Class Period. The Ol' Roy brand pet food products which are the subject of this suit are the following specific products:

    a. Pouch with Beef
    b. Pouch with Chicken
    c. Pouch with Filet Mignon
    d. Pouch with Chicken Teriyaki
    e. Pouch with Beef/Noodle/Vegetable
    f. Pouch with Lamb/Rice/Gravy
    g. Pouch with Stew
    h. Pouch with Turkey
    i. Can Sl Beef
    j. Can Sl Chicken
    k. Ol' Roy Beef Flavor Jerky Strips Dog Treats
    l. Ol' Roy County Stew Hearty Cuts in Gravy Dog Food
    m. Ol' Roy with Beef Hearty Cuts in Gravy Dog Food
    n. Ol' Roy with Beef Hearty Strips in Gravy Dog Food
    o. 4-Flavor Large Biscuits
    p. Peanut Butter Biscuits

In addition, there may be other Ol' Roy brand pet food products that were similarly labeled as "Made in USA" but contained components that were imported from outside of the United States.

2

1 Plaintiff will therefore amend to list any additional Ol' Roy brand pet food products which were

2 sold as "Made in USA" but contained components that were imported from outside the United

3 States as such additional Ol' Roy brand pet food products are identified through discovery.

4      2.      Central to the Defendants' marketing of certain of their products is the

5 representation and designation that such products were and are "Made in USA." Defendants

6 package these products with the designation on the label or packaging, in capital and bold

7 lettering, that the products were "MADE IN USA." Studies show that the "MADE IN USA" is a

8 substantial factor in consumer purchasing decisions. Moreover, in the context of food products,

9 the designation that the products were "Made in USA" becomes a central and primary concern

10 because of concerns about the health and safety of the pet and the differences in health and safety

11 procedures in foreign countries.

12      3.      At all relevant times, Defendant Wal-Mart Stores, Inc. operated a nationwide

13 chain of retail stores selling a wide variety of consumer goods including pet food products under

14 the brand name "Ol' Roy" after the famous Wal-Mart founder Sam Walton's bird dog, Ol' Roy.

15 Defendant Wal-Mart Stores, Inc. operated these retail stores in Nevada and sold pet food

16 products under the brand name "Ol' Roy" to consumers in Nevada and throughout the United

17 States

18      4.      All of the pet food products under the brand name "Ol' Roy" sold to consumers in

19 Nevada and nationwide have substantially the same product label. On each package of Ol' Roy

20 pet food, the label uniformly represents that the product was "MADE IN USA" in capital letters.

21 A true and correct exemplar copy of an Ol' Roy pet food label attached hereto as Exhibit #1,

22 evidencing the uniform representations regarding geographic origin of the product. All of the Ol'

23 Roy pet food sold by Wal-Mart Stores, Inc. contains identical or substantively similar

24 representations as to the geographic origin of the product being "Made in USA."

25      5.      At all relevant times, Ol' Roy brand pet foods were not "Made in USA" as falsely

26 advertised, but instead, were manufactured either in whole or in part, in China. On or after

27 March 16, 2007, as a result of the FDA investigation into these products, Defendants disclosed

28 for the first time that the Ol' Roy brand pet food products contained ingredients manufactured in

1  China.

2        6.    At all relevant times, Defendants WAL-MART STORES, INC. ("Wal-Mart")

3  MENU FOODS INC. ("Menu"), DEL MONTE FOODS COMPANY ("Del Monte"), and

4  SUNSHINE MILLS, INC. ("Sunshine") were companies that each participated in the

5  manufacture and/or distribution of an Ol' Roy brand pet food product and were responsible in

6  some part, for the misrepresentation that the Ol' Roy product was "Made in USA." Wal-Mart,

7  Menu, Del Monte and Sunshine each participated in the packaging or labeling of different Ol'

8  Roy brand pet food products, each with the fraudulent representation of geographic origin. Wal-

9  Mart, Menu, Del Monte and Sunshine each knew or exercised conscious disregard for the truth

10  that Ol' Roy brand pet food products were not "Made in USA," but instead, were manufactured

11  either in whole or in part, in China. Despite this knowledge, they nevertheless participated with

12  Wal-Mart in the fraudulent labeling of Ol' Roy pet food products as "Made in USA." Wal-Mart,

13  Menu, Del Monte and Sunshine each knew that the fraudulent labeling of Ol' Roy brand pet food

14  products as "Made in USA" would be reasonably relied upon by end consumers. Despite this

15  knowledge, they nevertheless participated in fraudulent labeling of Ol' Roy brand pet food

16  products, distributing Ol' Roy products to Wal-Mart for the intended purpose of sales to the

17  consumers in Nevada and nationwide, without any reasonable grounds to believe that the

18  products were "Made in USA."

19        7.    At all relevant times, Defendant CHEMNUTRA INC. ("Chemnutra") is the

20  company responsible, whole or in part, for importing the manufactured wheat gluten ingredient

21  in Ol' Roy brand pet food products from China and supplying the same for use in the Ol' Roy

22  brand pet food products. The Chinese product imported by CHEMNUTRA was actually used in

23  the Ol' Roy brand pet food products. Although importing the manufactured wheat gluten

24  ingredient from China, CHEMNUTRA nevertheless participated in the scheme and practice of

25  labeling the Ol' Roy brand pet food products as "Made in USA" and/or were responsible for the

26  mislabeling of the Ol' Roy brand pet food products as "Made in USA."

27        8.    Under the federal regulations established by the Federal Trade Commission, for a

28  product to be called "Made in USA," the product must be "all or virtually all" made in the U.S.

The term "United States," includes the 50 states, the District of Columbia, and the U.S. territories and possessions. Under this standard, "All or virtually all" means that "all significant parts and processing that go into the product must be of U.S. origin. That is, the product should contain no —– or negligible —– foreign content." *See* Federal Trade Commission Statement "Complying with the Made In the USA Standard."

9.     The Ol' Roy brand pet food products that were imported, manufactured and sold by Defendants were comprised of components that were manufactured outside of the United States, including but not limited to China. At all relevant times prior to March 16, 2007, Defendants failed to disclose and concealed the fact that Ol' Roy brand pet food products contained ingredients or components that were manufactured and/or made in China and failed to exercise the necessary skill and care required to determine the accuracy of this statement.

10.     Contrary to Defendants' packaging of Ol' Roy brand pet food products, (a) the Ol' Roy products contain certain components that have been entirely or substantially made, manufactured or produced outside of the United States, and (b) not all, or virtually all, of each Ol' Roy product is "Made in USA." Defendants have fraudulently concealed the material facts at issue herein by failing to disclose to the general public the true facts regarding the country of origin designation appearing on the Ol' Roy brand pet food products. The disclosure of this information was necessary in order to make the Defendants' representations regarding product origin not misleading. Defendants possess superior knowledge of the true facts, including knowledge that certain components were imported under a "Made in China" designation, which was not disclosed and which was necessary to discover the wrongful conduct, thereby tolling the running of any applicable statute of limitation.

11.     Consumers and users of these products are particularly vulnerable to these deceptive and fraudulent practices. Defendants were in the exclusive possession of information regarding the country of origin for Ol' Roy brand pet food products. Most consumers possess very limited knowledge of the likelihood that products claimed to be "Made in USA" are in fact made, in whole or in part, in foreign countries. This is a material factor in many people's purchasing decisions, as they believe they are buying truly American products and supporting

American companies and American jobs.  Consumers generally believe that "Made in USA" products are higher quality products than those of other countries.  Unaware of the falsity of the Defendants' country-of-origin claims, Plaintiff and the other members of the Class were fraudulently induced to purchase Ol' Roy brand pet food products under false pretenses and at premium prices.  State and federal laws are uniformly designed to protect consumers from this type of false advertising and predatory conduct.  Defendants' deception of consumers is ongoing and will victimize consumers every day until it is altered by judicial intervention.

12.    The country-of-origin designation is especially important and material in the context of food products because of the protections afforded by the Food and Drug Administration, and local health agencies, over food products made in the United States.  For example, food products made in foreign countries can be grown or made using banned pesticides and/or chemicals, which one would not expect to find in Made in USA food products.  Consumers who purchase food products designated with the "Made in USA" reasonably believe that they are purchasing product which has been grown and made in accordance with state and federal regulations.  These same regulations are not present in foreign countries where unsafe and deleterious chemicals may be used without regulatory oversight.  This concern is evidenced by the 2007 recall of many Ol' Roy brand pet food products, which was ordered because of the presence of chemicals which were illegal for use in food in the United States.  This would not have occurred if the products were in fact "Made in USA" as represented.

## THE PARTIES

13.    The Plaintiff MARGARET PICUS is, and at all time mentioned herein was, a resident of Nevada, who purchased Ol' Roy brand pet food products at a Wal-Mart retail store located in Henderson, Nevada during the Class Period.  The Plaintiff purchased Ol' Roy brand pet food products as a consumer for the household purpose of feeding the product to her beloved pet.

14.    Defendant WAL-MART STORES, INC. is and at all times mentioned herein was,

6

a corporation organized under the laws of Delaware, authorized to conduct business in Nevada, and has a principal place of business in Arkansas. At all relevant times, Wal-Mart conducted and conducts substantial business in the State of Nevada and substantially availed and avails itself of the consumer pet food market in Nevada and the United States.

15.    Defendant MENU FOODS INC. is and at all times mentioned herein was, a corporation organized under the laws of New Jersey with a principal place of business in Ontario, Canada. At all relevant times, Menu conducted and conducts substantial business in the State of Nevada and substantially availed and avails itself of the consumer pet food market in Nevada and the United States.

16.    DEL MONTE FOODS COMPANY is and at all times mentioned herein was, a corporation organized under the laws of Delaware with a principal place of business in San Francisco, California. At all relevant times, Del Monte conducted and conducts substantial business in the State of Nevada and substantially availed and avails itself of the consumer pet food market in Nevada and the United States.

17.    SUNSHINE MILLS, INC. is and at all times mentioned herein was, a corporation organized under the laws of Delaware with a principal place of business in Alabama. At all relevant times, Sunshine conducted and conducts substantial business in the State of Nevada and substantially availed and avails itself of the consumer pet food market in Nevada and the United States.

18.    CHEMNUTRA INC. is and at all times mentioned herein was, a corporation residing in and with a principal place of business in Nevada. At all relevant times, Chemnutra conducted and conducts substantial business in the State of Nevada and substantially availed and avails itself of the consumer pet food market in Nevada and the United States.

19.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sued these Defendants by fictitious names. Plaintiffs will amend further this Class Action Complaint to allege the true names and capacities of these Defendants if and when they are ascertained. Each of these Defendants, sued by the fictitious DOE designation, was in some manner responsible for the acts, omissions,

7

misrepresentations, non-disclosures, breach of warranties, fraud, unjust enrichment, deceptive business practices, violation of statutes, aiding and abetting the scheme, and other wrongdoing as alleged herein, all of which directly and proximately caused damage to Plaintiffs. Plaintiffs are further informed and believe that said Defendants, some of them, each of them and/or all or them were the knowing and willful participants in a scheme to promote, market, sell, advertise, or otherwise benefit from the sale of mislabeled Ol' Roy brand pet food products.

## JURISDICTION AND VENUE

20.    This Court has jurisdiction over this action, and venue is proper in Clark County, Nevada, because (1) the Plaintiff's purchases of Ol' Roy brand pet food products occurred in Clark County, (2) the Plaintiff resides in Clark County, (3) sale of Ol' Roy brand pet food products to members of the Class occurred in Clark County, (4) Chemnutra is located in Las Vegas, Nevada, and (5) the deceptive trade practices that give rise to this claim emanated from and occurred, in whole or in part, in Nevada.

## CLASS ALLEGATIONS

21.    Plaintiff brings this action pursuant to Rule 23 of the Nevada Rules of Civil Procedure as a nationwide class action on her own and on behalf of a class defined as:

ALL INDIVIDUALS IN THE UNITED STATES WHO PURCHASED ONE OR MORE OL' ROY BRAND PET FOOD PRODUCTS PRIOR TO MARCH 16, 2007

The OL' ROY BRAND PET FOOD PRODUCTS which are the subject of this suit are the following specific products:

a. Pouch with Beef
b. Pouch with Chicken
c. Pouch with Filet Mignon
d. Pouch with Chicken Teriyaki
e. Pouch with Beef/Noodle/Vegetable
f. Pouch with Lamb/Rice/Gravy
g. Pouch with Stew
h. Pouch with Turkey
1. Can SI Beef
j. Can SI Chicken
k. Ol' Roy Beef Flavor Jerky Strips Dog Treats
l. Ol' Roy County Stew Hearty Cuts in Gravy Dog Food
m. Ol' Roy with Beef Hearty Cuts in Gravy Dog Food

n. Ol' Roy with Beef Hearty Strips in Gravy Dog Food
o. 4-Flavor Large Biscuits
p. Peanut Butter Biscuits

In addition, other Ol' Roy brand pet food products may also have been similarly labeled as "Made in USA" but contained components that were imported from outside of the United States. Plaintiff will therefore amend to list any additional Ol' Roy brand pet food products which were sold as "Made in USA" but contained components that were imported from outside the United States as such additional Ol' Roy brand pet food products are identified through discovery. Excluded from the Class are Defendants, any parent, subsidiary or affiliate of Defendants, and their officers, directors, and employees of Defendants, and any judicial officer who may preside over this cause of action.

22.    The requirements for maintaining this action as a class action are satisfied in that:

a.    It is impracticable to bring all members of the Class before the Court. Plaintiff estimates that there are thousands of Class Members geographically spread throughout Nevada and that there are millions of Class Members, geographically spread throughout the United States. Attempting to join and name each Class member as a Co-Plaintiff would be unreasonable and impracticable.

b.    There are questions of law and fact common to the Class, which are identical for each member of the Class and which predominate over the questions affecting the individual Class members, if any. Among these common questions of law and fact are:

(1)    Whether Defendants made deceptive representations or designations of geographic origin in connection with Ol' Roy brand pet food products;

(1)    Whether the representations or designations of geographic origin in connection with Ol' Roy brand pet food products violated 15 U.S.C. §45a;

(ii)    Whether Ol' Roy brand pet food products were represented on the package labeling to have been "MADE IN USA";

9

(iii)   Whether all, or virtually all, of the Ol' Roy brand pet food products were "Made in USA"; ;

(lv)   Whether Defendants were unjustly enriched through the distribution and/or sale of Ol' Roy brand pet food products as "Made in USA";

(v)   Whether Defendants concealed the true origin of Ol' Roy brand pet food products and omitted the fact that Ol' Roy brand pet food products contained components that were manufactured and made, in whole or in part, outside the United States;

(vi)   Whether Defendants participated in the alleged mislabeling of Ol' Roy brand pet food products as "Made in USA";

(vii)   Whether Defendants knew or should have known that Ol' Roy brand pet food products contained components that were manufactured and made, in whole or in part, outside the United States;

(viii)   Whether the members of the Class sustained damage as a result of the Defendants' conduct;

(ix)   Whether the Defendants unfairly or unlawfully received and/or retained revenue acquired through the scheme alleged herein;

(x)   Whether the Defendants engaged in a uniform corporate policy of marketing Ol' Roy brand pet food products as "Made in USA";

(xi)   Whether the applicable statute of limitations was tolled by virtue of Defendant's concealment and fraud;

(xii)   Whether the Defendants committed fraud in the marketing, distribution and/or sale of Ol' Roy brand pet food products and whether Defendants participated in such fraud.

c.   The claims of the representative Plaintiff are typical of the claims of the

10

Class in that the Plaintiff purchased Ol' Roy brand pet food products prior to March 16, 2007. The claims of both the named Plaintiff and the claims of all other Class members result from Defendants' actions in marketing and/or labeling Ol' Roy brand pet food products as "Made in USA" which were in fact made, manufactured or produced with certain components made outside of the United States.

        d.    The claims of the representative Plaintiff will fairly and adequately protect the interests of the Class. The Class interests are coincident with, and not antagonistic to, those of the Plaintiff. Furthermore, Plaintiff has retained and is represented by experienced class action counsel.

23.    In this action, Plaintiff and the Class seek all relief authorized under Nevada law for which class-wide relief is available, disgorgement, restitution and reasonable attorneys' fees and costs incurred in the prosecution of this action. There are no manageability problems due to variations in state laws or choice of law provisions, because the representations of "Made in USA" were uniform and systematic and the laws of the United States and of all 50 states prohibit and make unlawful the designation of "Made in USA" on a product that is not made in the U.S.A. Further, the deceptive or false designation of geographic origin is actionable in all 50 states, and there are no relevant variations in the law of the states which impact the claims asserted herein. The performance of applicable choice of law or conflict of law analysis does not render the class unmanageable, moreover, any manageability issue which may arise can be handled through the use of a subclass.

24.    A class action is superior to any other available methods for the fair and efficient adjudication of this controversy. The amount of each individual claim is too small to warrant individual litigation. Even if any group of class members itself could afford individual litigation, such a multitude of individual litigation would be unduly burdensome to the courts in which the individual litigation would proceed. The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single court. Finally, class wide litigation will insure that wrong doers do not retain the ill-gotten gains acquired through their wrongful conduct.

25.    A certified Class for injunctive relief is appropriate because Defendants have uniformly acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the Class as a whole. Conjunctively, or alternatively, a class certified for restitution and/or damages is also appropriate. The common questions of law and fact predominate over individual questions because all injuries sustained by any member of the Class arise out of the singular conduct of the defendant in uniformly providing deceptive representations regarding the Ol' Roy brand pet food products and selling such products to the Class through deceptive and unlawful representations regarding the geographic origin of the products.

## COUNT I

### VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT AND SIMILAR STATUTES IN OTHER STATES
#### (Against All Defendants)

26.    Plaintiff repeats, incorporates by reference and realleges the allegations contained in Paragraphs 1-25 above as if fully set forth herein.

27.    Plaintiff brings this claim under Nevada consumer fraud laws, particularly NRS Sections 41.600 and 598.0915, on behalf of herself and the Class who purchased Ol' Roy brand pet food products and who were thus uniformly subject to Defendants' above-described deceptive, unlawful and fraudulent conduct. The laws of every other state are identical to and/or substantively similar to Nevada consumer fraud laws in that federal law and the laws of every state prohibit the use of deceptive representations regarding the geographic origin of products, and every state similarly authorizes an action by consumers for such conduct. In addition, the laws of the state of Delaware, and in particular 6 Del. C. § 2532(a)(4) is identical to that of Nevada N.R.S. §598.0915.

28.    The Ol' Roy brand pet food products, as described above, were purchased by the Plaintiff and by other consumers similarly situated primarily for personal, family, or household purposes. Millions of units of Ol' Roy brand pet food products were sold in the United States prior to March 16, 2007.

12

29.    The Defendants violated their statutory duty by working in concert and each participating in an elaborate scheme wherein Defendants deliberately mislabeled products or caused products to be mislabeled as to their geographic origin for the purpose of deceiving consumers, increasing sales and reducing costs. Defendants also acted deceptively and unfairly because all of the Ol' Roy brand pet food products had the deceptive appearance of a product that was made in the USA.

30.    The Defendants violated their duty under the aforementioned statutes, including but not limited to, N.R.S § 598.0915 (4), by, among other things, making false representations and/or designations as to the geographic origin of the Ol' Roy brand pet food products. This conduct violates Nevada law, and the law of every other state, including but not limited to California (Cal. Civil Code §1770(a)(4)), Arkansas (Ark. Stat. Ann. §4-88-107(a)(1)), Alabama (Code of Ala. §8-19-5(4)), and Delaware (6 Del. C. §2532), all of which laws are identical in prohibiting deceptive representations or designations of geographic origin in the marketing and sales of goods.

31.    The Defendants' actions as alleged herein were unfair and deceptive and constituted fraud, misrepresentation and the concealment, suppression and omission of material facts with the intent that Plaintiff and the Class would rely upon the fraudulent misrepresentation, concealment, suppression and omission of such material facts, all in violation of the applicable Consumer Fraud and Deceptive Business Practices Acts.

32.    Each Ol' Roy brand pet food product represented to the Plaintiff and every other member of the Class, at the time of purchase, that the Ol' Roy brand pet food product was "MADE IN USA" without qualification. Contrary to such representation, each Ol' Roy brand pet food product purchased by the Plaintiff and by every other member of the Class uniformly contained component(s) that were made and/or manufactured outside of the United States.

33.    These representations were made by Defendants to Plaintiff and the Class in writing on the label of each Ol' Roy brand pet food product purchased by the Plaintiff and by every other member of the Class, at the time of their respective purchases. Because the true facts concerning the use component(s) that were made and/or manufactured outside of the United

13

States were concealed by Defendants and never disclosed until after March 16, 2007, the true facts concerning the geographic origin of the products were not and could not have been known to Plaintiff or any other member of the Class.

34.     When making the representations on the label that the products were "Made in USA", the Defendants intended that the representations be relied upon by all consumers in making their purchase.

35.     All other states have consumer fraud statutes which are substantially similar to the Nevada Consumer Fraud Act.  To the extent that the Nevada Consumer Fraud Act my be found not to protect the residents of other states, the consumer fraud acts of the Defendants' forum state could be applied to all members of the Class.

36.     Plaintiff was injured by the many violations of the Nevada Consumer Fraud Act, and parallel sister state statutes, and Plaintiff has thereby been damaged in an amount to be proven at trial.  As a direct and proximate result of the acts and practices alleged above, members of the general public who purchased the subject Ol' Roy brand pet food products from Defendants, including the Plaintiff, lost monies in a sum currently unknown but subject to proof at the time of trial.  This Court is empowered to, and should, order restitution to all persons from whom Defendants deceptively, unfairly and/or unlawfully took money in order to accomplish complete justice.

### COUNT II

### FRAUD-INTENTIONAL NON-DISCLOSURE OF MATERIAL FACTS

#### (Against All Defendants)

37.     Plaintiff repeats, incorporates by reference and realleges the allegations contained in Paragraphs 1-36, above as if fully set forth herein.

38.     The Defendants, working in concert under the above-described elaborate, fraudulent scheme, intentionally concealed and failed to disclose material facts about Ol' Roy brand pet food products and the true facts that should have been made known to the public and the Plaintiff Class prior to their purchase of Ol' Roy brand pet food product.  In particular, the Defendants failed to

14