1 Dawn J. Grossman
Nevada Bar Number 6328
2 Joseph Goldberg
Nevada Bar Number 5645
3 COZEN O'CONNOR
Suite 1610, 501 West Broadway
4 San Diego, California 92101
Telephone: 619.234.1700
5 Facsimile: 619.234.7831

6 Attorneys for Defendant
DEL MONTE FOODS COMPANY
7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARGARET PICUS, an individual; on behalf of herself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., MENU FOODS, INC.; DEL MONTE FOODS COMPANY; SUNSHINE MILLS, INC.; CHEMN UTRA, INC.,<br><br>Defendants. | Case No. 2:07-cv-00689-RLH-RJJ<br><br>**DEL MONTE FOODS COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>(ORAL ARGUMENT REQUESTED)<br><br>[FED.R.CIV.P. 12(b)(6)]<br><br>Date:<br>Time:<br>Courtroom:<br>Judge:<br><br>Complaint filed: April 30, 2007<br>Removal Date: |

Del Monte filed a Rule 12(b)(6) motion to dismiss several counts appearing in the named Plaintiff's complaint. Since the named Plaintiff does not possess the claims asserted in the complaint, she devotes much of her Opposition to virtues of a class action. The propriety of a class action is, however, not the issue before the Court. No class has yet been certified. As discussed herein, if the named Plaintiff does not have the cause of action asserted, she may not bring the claims on her own behalf or on

behalf of a putative class. Where the challenge is to the named Plaintiff's cause of action, it is no answer that an unknown member of a putative class may possess the claims that this named Plaintiff does not.

### Federal Trade Commission Act

Del Monte moved to dismiss the asserted cause of action under the Federal Trade Commission Act ("FTC Act") because there is no private right of action under the federal statute. Plaintiff concedes there is no private right of action. She claims that the FTC Act was cited in the Complaint not as a claim for relief, but merely to define the legal standard applicable to Nevada's state statute. [Opposition at p. 10, line 6-10]. The Complaint does not support the Plaintiff's explanation. After citing the FTC Act, the complaint alleged a "statutory duty" under the *"aforementioned statutes including but not limited to N.R.S. § 598.0915(4)."* [Complaint at ¶ 30]. It further alleged that the court was to decide *"whether the Ol' Roy brand of pet food violated 15 U.S.C. § 45a."* [Complaint at ¶ 22(b)(1)]. These averments allege a duty under the federal statute, a putative violation of that duty and seek remedies based on the alleged violation. Traditionally, a "cause of action" consists of (1) a plaintiff's primary right and defendant's corresponding duty, and (2) the wrongful act or omission by the defendant by which the plaintiff's primary duty has been violated. *State of Nevada v. The Yellow Jacket Silver Mining Co.*, 14 Nev. 220, 244 (Nev. 1879). The Complaint's allegations of "duty and violation" follow the traditional pattern of a putative cause of action. If the FTC guidelines were intended merely as a reference to a legal standard, there would be no reason to allege a statutory duty under, nor a violation of, the FTC Act. Yet, Plaintiff averred both. Moreover, the Complaint referred to the FTC Act and the Alabama, Arkansas, California and Delaware statutes in the same paragraph. [Complaint at ¶ 23]. Plaintiff concedes that she intends to assert a cause of action under these *other* state statutes. [Opposition at p. 14, line 2]. If the Plaintiff asserts a cause of action by invoking the state statutes, then the same words applied to the FTC Act would

logically reveal the same intent to allege a cause of action. Taken as whole, Del Monte was justified in understanding the Complaint to allege a cause of action under the FTC Act.

Irrespective of what the Plaintiff meant – or now means – by her Complaint, everyone agrees there is no private right of action under the FTC Act. To the extent Plaintiff pled such a cause of action, it must be dismissed. If, as Plaintiff now suggests, she did not plead such a cause of action, then the Court may treat Plaintiff's response as an admission that no such claim exists. In either event, Del Monte is entitled to an Order that the Plaintiff cannot state a claim or seek relief under the FTC Act.

<u>Causes of Action under Alabama, Arkansas, California and Delaware</u>

Plaintiff asserts causes of action under Alabama, Arkansas, California and Delaware statutes even though she neither lives in, nor purchased pet food products in those states. Ms. Picus theorizes she may bring statutory causes of action arising from other states' laws because there is no true conflict between the laws of her state, Nevada, and the laws of these other states. [Opposition at p. 14, lines 4-7]. The question is not whether there is a conflict of laws among the various states. The question is whether Margaret Picus – the named plaintiff – has a cause of action under the laws of those states. She does not. The Complaint contains no facts showing a plausible connection between the named Plaintiff and the state of Alabama, Arkansas, California or Delaware – or any state other than Nevada. Ms. Picus lives in and purchased pet food in Nevada. [Complaint at ¶ 13]. The Due Process clause prohibits application of a foreign state's laws to this Complaint in the absence of minimum contacts with the dispute. [*See*, Del Monte's Memorandum in Support of Motion to Dismiss and cases cited therein at p. 8-9]. Accordingly, the named Plaintiff does not have a cause of action under Alabama, Arkansas, California and/or Delaware statutes. Since Margaret Picus does not have a cause of action under these statutes, those causes of action must be dismissed.

Recognizing the vulnerability of her own claim, the named Plaintiff relies on class allegations to survive the Motion to Dismiss her individual causes of action. This is wrong for several reasons. First, no class has been certified and there are substantial questions whether the proposed class is proper under Rule 23. Ms. Picus cannot concede that class issues are premature and, in the same breath, rely on class allegations to evade dismissal. It is well settled that a named plaintiff cannot represent a class alleging an injury for which he or she lacks standing. *Hawkins .v Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001). If the named plaintiff fails to establish a case or controversy with the defendants, she may not seek relief on behalf of herself or any other member of a class. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Until the named plaintiff can prove that she is entitled to the relief sought, the court need not wrestle with whether the action may be maintained on behalf of the class. *Boyle v. Madigan*, 492 F.2d 1180, 1182 (9th Cir. 1974); To be a class representative on a particular claim, the named plaintiff must himself have a cause of action on that claim. *Salgado v. Piedmont Capital Corp.*, 534 F.Supp. 938, 953 (D.C. Puerto Rico 1981)(quoting *Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962)); *Anderson v. Kelly*, 32 F.R.D. 355, 357 (D.C. Ga. (1963)(if plaintiff sues to enforce a right allegedly withheld from a class, he is required to show that the right has been withheld from him also). Margaret Picus cannot satisfy these requirements as to her individual cause of action under the Alabama, Arkansas, California and/or Delaware statutes – or any other state except Nevada. Consequently, her individual Complaint can be dismissed under Rule 12(b)(6) as to the claims for failure to state a claim on which relief can be granted.

<u>Unjust Enrichment</u>.

Del Monte challenged the cause of action for unjust enrichment because an essential element of the cause of action was missing from the Complaint. A cause of action for unjust enrichment requires that Plaintiff <u>not</u> possess an adequate remedy at law. In the absence of an allegation that the Plaintiff lacks an adequate remedy at law,

a court has no equity jurisdiction. Plaintiff did not identify the requisite allegation in her Complaint, nor explain its absence. Instead, Plaintiff argues that she is permitted to plead alternative claims for relief. [Opposition at p. 10, line 18]. Plaintiff cannot survive a substantive law defect by relying upon a procedural tool. To possess a claim for unjust enrichment, the substantive law requires that Plaintiff not have an adequate remedy at law. Where, as here, the Plaintiff cannot meet the requirements of the substantive law, she cannot plead alternatively. Procedural rules do not create causes of action. Nor does the Rule authorize alternative causes of action that fail to state a claim for relief. Before Ms. Picus can plead in the alternative, she must possess the cause of action. Since Ms. Picus has not averred the necessary elements of an unjust enrichment claim, that claim must be dismissed.

Responding to the Motion to Dismiss the unjust enrichment claim, Plaintiff argues that the recall referenced in her Complaint did not return the benefits received through the allegedly deceptive sale because the recall applied only to "specific product codes" and was not coextensive with the products at issue in the Complaint. [Opposition at p. 11, lines 22-25]. Here, Plaintiff misrepresents the recall and contradicts her own Complaint. Paragraph 1 of the Complaint identified "specific products" that were the subject of Plaintiff's lawsuit, referring to four Ol' Roy products. [Complaint at ¶ 1, p.2]. As seen from the recall notice, *all of those products* were recalled by Del Monte. There is complete symmetry between the Ol' Roy products in the Complaint and the recall notice. The recall notice itself put a further nail the coffin:

> "*Del Monte Pet Products has not used wheat gluten from this manufacturing facility in China in any other pet products except those described below. ...This recall removes <u>all</u> Del Monte Pet Products with wheat gluten procured from this manufacturing facility from retail shelves.*" [See Affidavit of Dawn J. Grossman in Support of Del Monte Foods Company's Partial Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, page 2, paragraph #2].

The recall – which the plaintiff affirmatively pled and relied upon for her Complaint – proves that *all products* using wheat gluten from China were recalled. Using the Plaintiff's words, the recall was coextensive with the Ol' Roy products set forth in the Complaint. By pleading such a recall, Plaintiff averred facts that destroy an essential element of her cause of action for unjust enrichment. Plaintiff cannot avoid these defects with conclusory arguments in her Opposition Brief. Even in a Motion to Dismiss, a Court does not "...accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1074 (N.D. Cal. 2003) (quoting *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998); *accord, McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (recognizing that "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Del Monte is entitled to dismissal of the third cause of action because Plaintiff has failed to state a cause of action for unjust enrichment.

## CONCLUSION

Defendant Del Monte Foods Company is entitled to dismissal of the First and Third Causes of action alleged in the named Plaintiff's Complaint.

DATED: July 19, 2007                    COZEN O'CONNOR

                                        By: /s/
                                            Attorneys for Del Monte Foods Company