1  Nicholas B. Salerno, Esq.
   Nevada Bar No. 6118
2  LINCOLN GUSTAFSON & CERCOS
   2300 W. Sahara Avenue
3  Suite 300, Box 2
   Las Vegas, NV 89102
4  Telephone: (702) 257-1997
   Facsimile: (702) 257-2203
5
   Attorneys for Defendant
6  DEL MONTE FOODS COMPANY

7

8                     UNITED STATES DISTRICT COURT

9                          DISTRICT OF NEVADA

10

11  MARGARET PICUS, an individual; on behalf of        )  Case No.: 2:07-cv-00682
    herself, and on behalf of others similarly situated, )
12                                                      )  **DEL MONTE FOODS COMPANY'S**
                  Plaintiff,                            )  **REPLY MEMORANDUM IN**
13                                                      )  **SUPPORT OF ITS MOTION TO STAY**
           vs.                                          )  **PROCEEDINGS**
14                                                      )
    WAL-MART STORES, INC.; MENU FOODS INC; )  Date:
    DEL MONTE FOODS COMPANY; SUNSHINE      )  Time:
15  MILLS, INC.; CHEMNUTRA, INC.; and DOES 1 )  Place:
    through 100, inclusive,                             )  Judge:
16                                                      )
                  Defendants.
17  _____

18

19         COMES NOW Defendant, DEL MONTE FOODS COMPANY ("Del Monte"), and files

20  this Reply Memorandum in support of its Motion for an Order Staying all Proceedings in this

21  Action pending a decision by the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C.

22  § 1407, and staying discovery until this Court decides the pending F.R.Civ.P. Rule 12(b)(6)

23  motions seeking to dismiss the Plaintiff's Complaint, should this matter remain before this Court.

24  In support thereof, Del Monte sets forth the following:

25     I.     **A Stay is Warranted and an Emergency Exists Because Fed. R. Civ. P. 26 (f)**
              **Obligations Are Due.**

26         Plaintiff fails to recognize that neither a conditional transfer order by the Judicial Panel on

27  Multidistrict Litigation ("JPML"), nor the filing of a Fed. R. Civ. P. 12 (b) (6) motion alleviates

28  the parties from their obligations pursuant to Fed. R. Civ. P. 26. *See Rule 1.5 of the Rules of the*

1

1    *Judicial Panel on Multidistrict Litigation*; *See also, Gray v. First Winthrop Corp.*, 133 F.R.D. 39,

2    40 (N.D. Cal. 1990).  Pursuant to Fed. R. Civ. P. 26 (f), the parties must confer at least 21 days

3    before a scheduling order is due under Rule 16 (b).  A scheduling order is due pursuant to Rule 16

4    (b) within 90 days after the appearance of a defendant and within 120 days after service of the

5    complaint. Fed. R. Civ. P. 16 (b).

6              In this case, according to Plaintiff's Affidavit of Service, the Complaint was served on Del

7    Monte Foods Company on May 7, 2007.  A true and complete copy of said Affidavit of Service is

8    attached hereto as **Exhibit "A."**   Del Monte filed its Motion to Dismiss on June 21, 2007.

9    Therefore, prior to filing this motion, it was foreseeable that the parties' Rule 26 obligations would

10   arise by September 13, 2007, the day these Reply Papers are due.  Plaintiff's argument that the

11   instant motion is an unnecessary burden because there is no outstanding discovery is plainly

12   incorrect.

13             Likewise, Plaintiff's argument that this motion is moot because the JPML will decide the

14   fate of this lawsuit on the 27th of September is misleading.  A hearing will be held on this date, but

15   it is not known how long after this hearing a decision will be made.

16             Despite Plaintiff's bold assertions, the instant motion seeking a stay is necessary because

17   discovery pursuant to the Federal Rules of Civil Procedure is due, and the JPML will not decide

18   where this lawsuit will be venued until sometime after September 27, 2007.

19             **II.      The JPML's Decision is Uncertain, Therefore a Stay is Required.**

20             Plaintiff advances only two arguments against a stay pending a decision by the JPML.

21   First, Plaintiff asserts that a stay is not needed given the JPML's upcoming "decision" on the 27th

22   of September.   Second, Plaintiff argues that the parties are united in their belief that this case

23   should not be consolidated pursuant to 28 U.S.C. § 1407 and therefore there is little risk of transfer

24   and duplicative discovery.

25             As explained above, the JPML will not issue a decision on the 27th.  In fact, it is not known

26   when the JPML will issue its decision.

27             Further, the fact that the parties are united in their opposition to a transfer pursuant to 28

28   U.S.C. § 1407 is irrelevant.  The parties' arguments do not bind the JPML.  Similarly, the strength

of the parties' opposition to the consolidation does not ensure that the JPML will not consolidate this lawsuit.  The fact remains, the JPML may consolidate this case and transfer it to another district.  It is this uncertainty that urges a stay of discovery.

The Plaintiff does not distinguish the many cases cited in Del Monte's motion wherein a stay was granted pending the JPML's decision.  Whether the parties are aligned in their positions concerning transfer or not, the uncertainty inherent in the pending JPML decision - especially in light of 28 U.S.C. § 1407's function and intent, efficiency and equity – requires that a stay be issued in this case.

Tellingly, Plaintiff has not offered a single reason why a stay would be prejudicial to her interests in any way.  The stay would be relatively brief, likely no more than two months, and would alleviate all risk of inconsistent and duplicative discovery requests and rulings.  To this point, Plaintiff has not argued to the contrary.

### III.    Plaintiff's Citation of *Kennedy v. Natural Balance* is Misplaced and Misapplied and Should not be Considered By This Court.

*Kennedy v. Natural Balance*, 2007 U.S. Dist. Lexis 57766 (S.D. Cal August 8, 2007), is irrelevant to Del Monte's Motion to Stay.  This case is concerned with another, factually dissimilar Rule 12 (b) (6) motion filed in California.  The reason it was not cited in the instant motion is because it is irrelevant to this Court's determination of whether this case should be stayed.  Unfortunately, Plaintiff took this opportunity to include further opposition to the underlying Rule 12 (b) (6) motion.  To wit, Plaintiff urges in her opposition papers that "[t]he result should be no different here.  In light of this decision, Del Monte's argument that Plaintiff could not state a claim for relief is untenable."  This argument was not raised in Del Monte's motion seeking a stay.  This behavior should be admonished by this Court and all references to this decision should not be considered for purposes of this motion or the underlying Rule 12 (b) (6) motion.

### IV.    Del Monte Need Not Convince This Court that Plaintiff will be Unable to State a Claim for Relief as a Prerequisite to a Stay

It is Del Monte's position that this Court need not be convinced that the Plaintiff will be unable to state a claim for relief.  As advanced in Del Monte's initial moving papers, *White v. American Tobacco Co.*, 125 F.R.D. 508, 510 (D. Nev. 1989), holds that a court may stay discovery

1  pending a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6) when "there are no factual issues
2  raised by the motion to dismiss…and discovery is not required to address the issues raised by
3  Defendant's motion to dismiss."

4      Del Monte's Rule 12 (b) (6) motion does not raise any factual issues that require discovery.
5  The only purported factual issue raised in Plaintiff's opposition to the instant motion is that the
6  underlying Rule 12 (b) (6) motion requires determination of the scope of a product recall.
7  However, the size of the recall does not require discovery since, as Plaintiff admits, it was limited
8  to "specified contaminated lots."

9      Del Monte respectfully submits that the underlying Rule 12 (b) (6) motion is devoid of any
10  issue of fact that warrants discovery prior to its determination.  The arguments advanced in Del
11  Monte's Rule 12 (b) (6) motion assert that Plaintiff has failed to sufficiently plead the causes of
12  action therein.  These arguments can be decided as a matter of law on the face of the Complaint.

13      Contrary to Plaintiff's opposition, Rule 12 (b) (6) motions alleging vague or insufficiently
14  pled causes of action do not require fact discovery for there resolution, and stays have been
15  ordered during the pendency of such motions.  These cases are cited within Del Monte's initial
16  moving papers.  Specifically, in *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1987),  the Court
17  upheld a stay granted by the lower court wherein the underlying Rule 12 (b) (6) motion sought
18  dismissal for vague and insufficiently pled allegations.

19      It is important to note that the Plaintiff has not offered one reason why a brief stay would
20  be prejudicial in this case.  In addition to the reasons advanced herein regarding the JPML's
21  decision, a stay should be ordered in this case because the commencement of discovery is
22  unnecessary until the Rule 12 (b) (6) motions are decided.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1

**CONCLUSION**

2

     For the reasons stated above and in Del Monte's initial Memorandum of Points and

3

Authorities, a stay of proceedings must be ordered pending a determination by the JPML and this

4

Court's decision on the pending Fed. R. Civ. P. Rule 12 (b) (6) motion.

5

DATED: September 13, 2007.               LINCOLN GUSTAFSON & CERCOS

6

7

                        By: _____

8

                           NICHOLAS B. SALERNO, ESQ.
                           Nevada Bar No. 8118

9

                           2300 W. Sahara Avenue
                           Suite 300, Box 2

10

                           Las Vegas, NV 89102
                           Telephone: (702) 257-1997

11

                           Facsimile: (702) 257-2203
                           Attorneys for Defendant

12

                           DEL MONTE FOODS COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit "A"

ORIGINAL

FILED

Jun 4 4 16 PM '07

CLERK OF THE COURT

1  AFFT
   Robert B. Gerard, Esq.
2  Nevada State Bar #005323
   Lawrence T. Osuch, Esq.
3  Nevada State Bar #006771
   Gerard & Osuch LLP
4  2840 South Jones Boulevard
   Building D, Suite 4
5  Las Vegas, NV 89146
   Telephone: (702) 251-0093
6  Facsimile: (702) 251-0094
7
8  Norman Blumenthal, Esq.
   California State Bar #068687
9  Blumenthal & Nordrehaug
   2255 Calle Clara
10 La Jolla, California 92037
   Telephone: (858) 551-1223
11 Facsimile: (858) 551-1232
12
   Attorneys for Plaintiffs
13
14              EIGHTH JUDICIAL DISTRICT COURT
15                   CLARK COUNTY, NEVADA
16
17 MARGARET PICUS, an individual; on behalf  )   CASE NO: A540315
   of herself, and on behalf of all other similarly )   DEPT NO: XXIII
18 situated,                                  )
                                              )
19                      Plaintiffs,           )
                                              )
20          vs.                               )
                                              )
21 WAL-MART STORES, INC.; MENU FOODS          )
22 INC.; DEL MONTE FOODS COMPANY;             )
   SUNSHINE MILLS, INC.; CHEMNUTRA            )
   INC.; and DOES 1 through 100, Inclusive,   )
                                              )
                       Defendants.            )
                                              )
   _____)
26                       AFFIDAVIT OF SERVICE
27 SEE ATTACHED.
28

CLERK OF THE COURT
RECEIVED
JUN 4 2007

-1-

PARCELS, INC.
230 N. MARKET ST
WILMINGTON, DE 19801

## DISTRICT COURT
## CLARK COUNTY, NEVADA

MARGARET PICUS, an individual; on behalf of herself,
and on behalf of all others similarly situated,

         Plaintiffs,                        CASE NO.: A540315

         Vs

WAL MART STORES, INC.; MENU FOODS INC.; DEL
MONTE FOODS COMPANY; SUNSHINE MILLS, INC.;
CHEMNUTRA INC., and DOES 1 through 100, Inclusive,

         Defendants,

At the time of service I was a citizen of the United States, over the age of eighteen,
and not a party to this action; I served copies of the:

  1) Summons
  2) Complaint

In the within action by personally delivering true copies thereof to the person served as follows:

Served          : DEL MONTE FOODS COMPANY
By serving     : Scott LaScala-Section Head of Service of Process
Description    : White male, 35 years old, 5'10", 160lbs, brown hair
Address       : Corporation Trust Company
                  1209 Orange Street
                  Wilmington, DE 19801
Date of Service : May 7, 2007
Time of Service : 3:26 pm

I declare under penalty of perjury under the laws of the United States of America that the
foregoing information is true and correct.

                                 Signature: _____

                                          John Ritter

_____

Notary Public

                          CAREY M. SHEA
                          NOTARY PUBLIC
                        STATE OF DELAWARE
My commission expires:    My commission expires May 24, 2011